IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TED CHOUKALAS, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 1:18-CV-00588 |
| | ) | JUDGE JAMES GWIN |
| Plaintiff, | ) ) | |
| v. | ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** |
| CUYAHOGA COUNTY, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Representative Plaintiff, Ted Choukalas ("Plaintiff"), and Defendant, Cuyahoga County ("Defendant") (collectively, the "Parties"), jointly move this Court to approve the proposed FLSA collective action Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached as Exhibit A.

The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

Plaintiff asserted that Defendant unlawfully failed to pay overtime compensation at the rate of one and one-half their regular rate of pay to Plaintiff and other non-exempt employees for hours they worked over 40 each workweek. Plaintiff also asserted that Defendant paid Plaintiff and other similarly situated employees overtime in an untimely manner under the FLSA.

The Parties respectfully submit that the proposed Settlement is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arms-length negotiations among the Parties, conducted by experienced counsel, and reached with the assistance of Magistrate Parker during the course of two mediations.

1

The settlement documents submitted for approval or entry by the Court consist of the following:

Exhibit A:    Joint Stipulation of Settlement and Release

Exhibit B:    Notice of Settlement of Lawsuit, with attached Consent and Release Form

Exhibit C:    Order of Dismissal and Approving Settlement

Exhibit D:    Declaration of Class Counsel David J. Steiner

Exhibit E:    Class list and proposed payments

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement and its proposed distributions of settlement proceeds.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Action and Negotiation of Settlement

On March 14, 2018, Representative Plaintiff filed this collective Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted. In the Action, Plaintiff alleged that Defendant failed to pay its non-exempt employees overtime in a timely manner and/or failed to pay for all overtime hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

The parties stipulated to conditional certification for a class consisting of "All former and current hourly and salary non-exempt employees of Cuyahoga County Department of Public Works between March 14, 2015 and the present." (the "Overtime Class"). Notice was mailed to the Overtime Class on August 10, 2018, and 70 eligible individuals opted into the Overtime Class.

In September 2018, Defendant disclosed a list of 29 potential additional members of the Overtime Class whom it thought were previously undisclosed. After review of the list, only one individual had not been disclosed ("Undisclosed Class Member").

Between May 2018 and September 2018, the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendant's defenses to such claims, as well as attended two separate mediations conducted by Magistrate Parker.

On October 23, 2018, the Parties reached an agreement at mediation to settle the Action on the terms set forth in Exhibit 1. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

**B.      The Settlement Terms**

If approved by the Court, the Settlement will cover Representative Plaintiff and all of the Eligible Settlement Participants who opted in to the action and who execute an FLSA release and an IRS tax Form W-9. ("Class Members"). Notice of the settlement will also be sent to the sole Undisclosed Class Member, who will have the option of joining the action by executing an FLSA release and an IRS tax Form W-9.

The Total Eligible Settlement Amount is Forty-Five Thousand Dollars ($45,000.00), which sum will cover: (a) all of the Individual Payments to the Class Members; (b) Representative Plaintiff's Representative Payment; and (c) Class Counsel's attorneys' fees and expenses.

Ten Thousand Dollars ($10,000.00) of the Total Eligible Settlement Amount will be divided into Individual Payments to the Class Members. The Individual Payments will be calculated proportionally based on each Class Member's length of service (in weeks) with Defendant during the Released Period, as calculated by Class Counsel and approved by Defendant. If a Class Member does not execute an FLSA release and W-9 tax form, that Class Member's portion of the settlement will revert back to the Settlement Fund and be distributed among Class Members who do execute such documents.

Thirty-Three Thousand Dollars ($33,000.00) of the total settlement amount will be paid to Plaintiff's counsel, The Lazzaro Law Firm, LLC representing $29,765.38 in attorneys' fees, and $3,234.62 in expenses.

Two Thousand Dollars ($2,000.00) of the total settlement amount will be paid to Representative Plaintiff Ted Choukalas for a class representative payment. Plaintiff Choukalas was extremely active in the litigation of this case and attended two separate mediations.

In exchange, the Action will be dismissed, and the Class Members will release Defendant from federal and state overtime claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

To inform Eligible Settlement Participants of the Settlement, the Parties have submitted, as Exhibit B, the proposed Notice of Settlement of Lawsuit, with an attached Release Settlement Form, to be accompanied with an IRS Form W-9. The Notice will be mailed and emailed, if an email address is available, to the Eligible Settlement Participants at their last known home addresses and email addresses according to records maintained by Defendants, and any updated addresses obtained by Class Counsel. The Eligible Settlement Participants who sign and return Consent Forms will participate in the Settlement and their claims will be released.

The parties have also agreed to the following settlement distribution schedule:

- Notice of Settlement to be mailed by Third Party Administrator ("TPA") Atticus Administration within 10 days of the Court's approval of the settlement;

- Period for class members to complete Settlement Forms ("Settlement Period") will be 45 days;

- TPA will issue settlement checks within 30 days of close of Settlement Period; and

4

- Defendant will issue the check payable to the TPA for amounts payable to Class Counsel for the attorneys' fees and expenses within 30 days of the Court approving the settlement. Defendant will also issue the check payable to the TPA amounts payable to Representative Plaintiff for the Class Representative Payment within 30 days of the Court approving the settlement. The TPA will then issue these checks within 10 days of receipt from Defendant.

### III.    THE PROPRIETY OF APPROVAL

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Class Counsel David J. Steiner, and as explained below, Court approval is warranted on all scores.

#### A.    The Seven-Factor Standard Is Satisfied

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the Crawford court applied those factors in assessing the fairness of an FLSA settlement: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits;

(5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.  *UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922-23 (6th Cir.1983)), quoted in *Crawford,* 2008 WL 4724499 at *3.  As shown below and in the Steiner Declaration (see Exhibit D), the standard supports approval of the Settlement.

      **B.**      **The Settlement Distributions Are Fair, Reasonable and Adequate**

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing Ortiz v. Fibreboard Corp., 527 U.S. 815, 855 (1999).  All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Representative Plaintiff and the Class Members.

Here, the seven-factor standard supports approval of the Settlement.  Plaintiff's counsel has extensive experience litigating FLSA claims and there is no fraud or collusion.  The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming.  While no formal discovery has yet commenced, the Parties have engaged in substantial investigation prior to and during the negotiations, and the issues are well understood by both sides.  The outcome is uncertain for the Class Members, and the risks of continued litigation are evident for both sides.  The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff.  All Individual Payments will be calculated proportionally on each Class Member's weeks worked during the Calculation Period.

If approved by the Court, the Proposed Settlement will provide adequate payments to the Class Members for unpaid overtime compensation. In calculating potential damages in this case, the parties thoroughly reviewed all available time and pay records for 18 sample class members for the entire relevant Calculation Period. These records included time records, pay records, handwritten overtime sheets, sick time information sheets, lunch records, and an "hours worked" spreadsheet. Calculating these potential damages was extremely time consuming and difficult given the several types of documents that the parties and attorneys needed to cross reference. In evaluating the claims, the parties took a sample of 18 opt in Plaintiffs and thoroughly examined all relevant documents over a three-year period. They then extrapolated any potential damages from those 18 opt ins to the entire class.

During the relevant period in question, Defendant argues that, if Plaintiffs prevailed, Plaintiffs' total potential damages would amount to approximately $3,700.00 given a two-year look back period. Plaintiff argues that the amount, based on the 18 sample opt-ins, is approximately $5400.00 for the entire class for a three-year look back period given Defendant's alleged willful violations. Because the parties used a sample population of opt-ins to calculate damages, and because some of the records were difficult to ascertain, Plaintiff believes that any overtime calculated should be increased to account for sampling and/or potential records inaccuracies. As such, $10,000.00 of the total settlement will compensate all opt-ins.

The Settlement amounts to over 100 percent recovery for the Class Members, after attorneys' fees and expenses, of their potential overtime damages.

    **C.    Class Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Class Counsel's Declaration contains information that demonstrates the reasonableness of the proposed fees and expenses, especially given the complexity of the overtime calculations, the administration of initial notice to approximately 665 potential opt-ins, and attendance at two separate mediations. See Exhibit D. The litigation expenses sought to be reimbursed are also proper and reasonable, totaling $3,234.62. All expenses were incurred during the course of the litigation, including the filing fee and initial notice administration to approximately 665 potential opt-ins.

## IV.  CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order of Dismissal and Approving Settlement attached as Exhibit C.

Respectfully submitted,

Cuyahoga County Department of Law
ROBERT J. TRIOZZI, Director

/s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-650-4030 (direct)
　　　　 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
david@lazzarolawfirm.com
*Attorneys for Plaintiff*

/s/*Jerad Zibritosky*
Jerad Zibritosky (0084900)
Assistant Law Director
County Administrative Headquarters
2079 East 9th Street
Cleveland, OH 44115
(216) 443-3043 (Telephone)

jzibritosky@cuyahogacounty.us

*Counsel for Defendant Cuyahoga County*

9